# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Stephanie Turecky, individually, and
on behalf of all those similarly situated

        Plaintiff,

        v.                                  Case No.  1:15cv527

Boomtown Entertainment, LLC, *et al.*,        Judge Michael R. Barrett

        Defendants.

## OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion for Summary Judgment against Defendant Frank Capri, individually. (Doc. 29). Despite an opportunity to do so, Defendant never filed an opposition to Plaintiff's Motion for Summary Judgment. Accordingly, Plaintiff's Motion is now ripe for disposition.

## I.  BACKGROUND

    On August 12, 2015, Plaintiff filed a complaint alleging that the Defendants in this matter operated a restaurant in Cincinnati known as "Toby Keith's I Love This Bar and Grill," and failed to pay more than 50 employees wages for an extended period of time. (Doc. 1). Defendant Frank Capri was one of the Defendants named in the complaint in his individual capacity. *Id.* Defendant Capri was served with the complaint on January 11, 2016 and proof of service was filed with this Court on January 29, 2016. (Doc. 12).

    Defendant Capri filed an answer to Plaintiff's complaint, through counsel, on February 1, 2016 with general denials. (Doc. 16). On March 15, 2015, Plaintiff moved

for conditional certification of the proposed opt-in class (Doc. 22), which was granted by this Court on June 29, 2016. (Doc. 27).

On April 15, 2016, Defendant Capri was served with discovery including requests for admissions, through his counsel. (Doc. 29-1). Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Capri had 30 days thereafter to deny the requests; otherwise they would be deemed admitted as a matter of law. Plaintiff has alleged, and no contrary evidence has been submitted to the Court, that Defendant Capri failed to respond to Plaintiff's discovery request. (Doc. 29, PageID 127, 133).

On May 27, 2016, ten days after the expiration of the allotted 30 days, Defendant Capri's counsel was granted leave to withdraw his representation of the Defendant. (Doc. 26). On June 26, 2017, Plaintiff filed the instant Plaintiff's Motion for Summary Judgment against Defendant Capri in his individual capacity, which was served upon the Defendant. (Doc. 29). As of the date of this Court's opinion, Defendant Capri has neither responded to this summary judgment motion, the Plaintiff's discovery requests, nor filed motion with this Court to request an extension of time to do so.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present

significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).

Even where a party "offer[s] no timely response to [a] motion for summary judgment, the District court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir. 1979). This is so because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Id.* at 64. Therefore, even where a motion for summary judgment is unopposed a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists. *F.T.C. v. E.M.A. Nationwide, Inc.,*767 F.3d 611, 629 (6th Cir. 2014).

## III. <u>ANALYSIS</u>

Plaintiff contends in her Motion that because the Defendant failed to timely respond to the Plaintiff's Requests for Admissions, contained in Plaintiff's First Set of Written Discovery Requests to Defendant Frank Capri, as required by Rule 36 of the Federal Rules of Civil Procedure, those facts are deemed admitted pursuant to Rule 36(b), and no genuine issues of material fact exist. The Plaintiff argues that she is therefore entitled to summary judgment.

"**(a) Scope and Procedure.**
  (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
    (A) Facts, the application of law to fact, or opinions about either; and
    (B) The genuineness of any described documents.
  …

(3) *Time to Respond; Effect of Not Responding*. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

…

**(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

Applying the principles of the above rule to the undisputed facts of this case yields the following results. The Plaintiff's First Set of Written Discovery Requests to Defendant Frank Capri was served on the Defendant on April 15, 2016. The court file contains no indication that the Defendant served a response to the requests. The Plaintiff requested that the Defendant admit the following relevant statements, among others:

1. *Capri was an officer of, owned, and exercised control over Defendants. (Doc. 29-1, PageID 141-142).*
2. *Capri is an employer as the term is defined in 29 U.S.C. § 203(d) with respect to the employees of Defendants. (Doc. 29-1, PageID 142).*
3. *Plaintiff and the proposed class performed work at the restaurant from June 29, 2015 through the restaurant's closure. (Doc. 29-1, PageID 144-145).*
4. *Capri agreed to pay Plaintiff and that Plaintiff was not paid for her hours worked at Toby Keith's I Love This Bar and Grill from June 29, 2015 to the closure of the restaurant. (Doc. 29-1, PageID 145).*
5. *Capri did not pay members of the class for work performed from June 29, 2015 through the closure of Toby Keith's I Love This Bar and Grill. (Doc. 29-1, PageID 145).*
6. *Capri benefited from the work of Plaintiff and other members of the proposed Class performed during the pay period from June 29, 2015 through the restaurant's closure. (Doc. 29-1, PageID 146).*
7. *Neither Capri nor Defendants maintained records showing name, address, occupation, pay rate, hours worked for each day worked for a period of not less than three years following the last date worked, for the pay period from June 29, 2015 through the restaurant's closure for Plaintiff and the other members of the proposed Class. (Doc. 29-1, PageID 146).*
8. *Capri knew that prior to June 29, 2015, the restaurant would be closing within the next pay period. (Doc. 29-1, PageID 147).*

9. *Capri, knowing the restaurant would be closing, scheduled Plaintiff and the class members to work during the pay period ending July 16, 2015. (Doc. 29-1, PageID 147).*

10. *That as a result of the restaurant's closure, at least 50 employees lost employment, without cause, and that none of the employees were notified of the impending closure. (Doc. 29-1, PageID 148).*

11. *Capri did not, prior to the restaurant's closure, advise Plaintiff or any of the other employees who lost employment that Toby Keith's would be closing. (Doc. 29-1, PageID 148).*

12. *Capri did not send a letter, e-mail, post a notice, or send a text message to the hourly employees before the restaurant's closure that Toby Keith's would be closing. (Doc. 29-1, PageID 148).*

13. *Capri is personally liable for any judgment or award that may result in this action. (Doc. 29-1, PageID 149).*

After one year of no response, Plaintiff filed this Motion for Summary Judgment on June 26, 2017. On that same date, this Court issued an order notifying Defendant Frank Capri of Plaintiff's Motion for Summary Judgment and his right to respond within 21 days. As of the date of this order, Defendant has failed to respond to both the Request for Admissions and the Motion for Summary Judgment. Accordingly, this Court concludes that each fact in Plaintiff's Request for Admissions is deemed admitted by the Defendant.

Turning now to Plaintiff's Motion for Summary Judgment, a motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried. *Celotex,* 477 U.S. at 325. Plaintiff has alleged the following claims against the Defendant:

1. *Breach of Contract*
2. *Denial of Minimum Wages under FLSA, Article II, § 34a of the Ohio Constitution, and the Ohio Minimum Fair Wage Standards Act*
3. *Willful violation of FLSA*
4. *Unjust Enrichment*
5. *Failure to Pay Semi-monthly Wages*
6. *Failure to Maintain Wage and Hour Records*
7. *Civil Fraud*
8. *Civil Conspiracy*

*9. Violation of the WARN Act*

For the reasons that follow, this Court partially GRANTS Plaintiff's Motion for Summary Judgment as it relates to Plaintiff's claims 2-3, 5-6 and 9.

## A. FLSA and Ohio Wage Act Claims (Claims 2-3)

The FLSA, Ohio Minimum Fair Wage Standards Act, and Article II, § 34a of the Ohio Constitution require that employers pay their employees a minimum wage for each hour worked. *See* 29 U.S.C. § 206; Article II, § 34a of the Ohio Constitution; O.R.C. § 4111.01 *et seq.* Defendant has admitted: (1) that he is an "employer" under the FLSA[1]; (2) Plaintiff and the proposed class were employed by Defendant; and (3) that Defendant failed to pay Plaintiff and the proposed class for their work. Plaintiff has established, through Defendant's Admissions, that Defendant violated the FLSA, Ohio Minimum Fair Wage Standards Act, and Article II, § 34a of the Ohio Constitution and that there is no genuine issue of material fact.

Plaintiff has also established, through Defendant's Admissions, that Defendant's conduct was a willful violation of FLSA. Under federal law, to establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111 (1985)). Through Defendant's Admissions, he has admitted to, at the very least, showing reckless disregard for his conduct as it related to the requirements under the FLSA. Therefore, summary judgment is GRANTED.

---

[1] Article II, Section 34a of the Ohio Constitution sets forth that "'employer' and 'employee' shall have the same meanings as under the federal Fair Labor Standards Act or its successor law…"

### B. Failure to Pay Semi-Monthly Wages (Claim 5)

O.R.C. § 4113.15, or the Ohio Prompt Pay Act, mandates that an entity doing business in Ohio must, "on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month." O.R.C. § 4113.15(A). Again, the Defendant has admitted that he has failed to pay the Plaintiff and the members of the proposed class for the pay period June 29, 2015 through the restaurant's closure. (Doc. 29-1, PageID 144-145). Thus, Defendant has violated O.R.C. § 4113.15 and Plaintiff is entitled to summary judgment. Summary judgment is therefore GRANTED.

### C. Failure to Maintain Wage and Hour Records (Claim 6)

Article II, § 34a of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date the employee was employed.[2] Plaintiff has established, through Defendant's Admission (Doc. 29-1, PageID 146), that Defendant has failed to maintain employee records as required by Article II, § 34a of the Ohio Constitution. As such, no material issues of fact remain and summary judgment is GRANTED.

### D. Violation of the WARN ACT

The Federal WARN Act is codified at 29 U.S.C. §§ 2101–2109. In general terms, it requires employers with more than 100 employees to provide sixty calendar days' advance notice of "plant closing" or "mass layoffs" (both terms are defined in section

---

[2] "Article II, § 34a is self-executing." *Brenneman v. Cincinnati Bengals, Inc.*, No. 1:14-CV-136, 2014 U.S. Dist. LEXIS 152031, at *8 (S.D. Ohio Oct. 24, 2014).

2101(a)). There are three exceptions to the full sixty-day requirement, but employers must still provide notice as soon as practicable. The exceptions are: (1) when an employer is actively seeking capital or business and reasonably believes that advance notice would preclude its ability to garner capital or business (known as the "faltering company" exception); (2) unforeseeable business circumstances; and (3) natural disasters. 29 U.S.C. § 2102(b). When section 2102 is violated, the employer is liable for relief, including employee back pay and benefits under an employee benefit plan. 29 U.S.C. § 2104.

Here the Defendant has admitted the following:

1. *Capri knew that prior to June 29, 2015, the restaurant would be closing within the next pay period. (Doc. 29-1, PageID 147).*
2. *Capri did not, prior to the restaurant's closure, advise Plaintiff or any of the other employees who lost employment that Toby Keith's would be closing. (Doc. 29-1, PageID 148).*
3. *Capri did not send a letter, e-mail, post a notice, or send a text message to the hourly employees before the restaurant's closure that Toby Keith's would be closing. (Doc. 29-1, PageID 148).*
4. *That as a result of the restaurant's closure, at least 50 employees lost employment, without cause, and that none of the employees were notified of the impending closure. (Doc. 29-1, PageID 148).*
5. *The employees who lost employment as a result of the restaurant's closure on July 16, 2015 were discharged without cause on their part. (Doc. 29-1, PageID 148).*
6. *Toby Keith's closed on or about July 16, 2015. (Doc. 29-1, PageID 142).*

Based on the above Admissions, Defendant has violated the WARN Act unless an applicable exception applies. Here, Defendant has failed to respond to Plaintiff's Motion for Summary Judgment and has thus failed to assert any of the applicable exceptions. As such, there remain no genuine issues of material fact and summary judgment is GRANTED.

### E. Remaining Claims

Plaintiff argues that "Capri, an employer, has admitted that employees worked for him and he failed to pay them for their work, he has willfully violated the minimum wage provisions of both federal and state law. *See* 29 U.S.C. § 206, 29 U.S.C. § 255(a), Article II, §34(a) of the Ohio Constitution, O.R.C. § 4111.01 *et seq.* and O.R.C. § 4113.15." (Doc. 29; PageID 130). She offers no argument supporting Capri's alleged liability on the Breach of Contract, Unjust Enrichment, Civil Fraud, and Civil Conspiracy claims. To the extent that she seeks summary judgment on the foregoing claims, Plaintiff has failed to sustain her burden. *Celotex,* 477 U.S. at 323; *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091, 110 S. Ct. 1839, 108 L. Ed. 2d 967 (1990). Thus, this Court has no choice but to DENY summary judgment as to Plaintiff's remaining claims against Capri.

### F. Damages

Plaintiff has alleged that the Plaintiff and the proposed class are owed $8,518.70, which includes unpaid wages by Defendant and liquidated damages in the amount of $8,518.70 pursuant to 29 U.S.C. 216(b). Further, the FLSA and Ohio law both allow Plaintiff's to recover reasonable attorney fees and court costs. 29 U.S.C. 216(b); O.R.C. 4111.10(A). As such, Plaintiff has alleged $62,681.73 in attorney's fees and expenses through the date of Plaintiff's Summary Judgment Motion. (Doc. 29, PageID 130, 135).

Having determined that Plaintiff is entitled to partial summary judgment, this Court finds that Plaintiff and the proposed class members are entitled to damages on

their successful FLSA and Ohio Minimum Fair Wage Standards Act claims.[3] In total, the Court finds that Plaintiff is entitled to $17,037.40 in damages.

Plaintiff's counsel has submitted to this Court a chart detailing only the hourly rate and number of hours worked for each attorney involved with this case to support its claim of $62,681.71 in attorney's fees and expenses. (Doc. 29, PageID 135). Although an award of reasonable attorney's fees are mandatory under 29 U.S.C. 216(b), attorneys who seek fees have an obligation to "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). The party seeking fees has "the burden of providing for the court's perusal a particularized billing record." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Although Plaintiffs' counsel "is not required to record in great detail how every minute of his [or her] time was expended," "at least counsel should identify the general subject matter of [] time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983); *see also Wooldridge*, 898 F.2d at 1177; *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1020 (N.D. Ohio 1997). Therefore, in order for this Court to determine if Plaintiff's attorney's fees are reasonable, Plaintiffs' counsel must submit to the Court a particularized non-privileged billing record before any attorney's fees will be awarded.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Summary Judgment against Defendant Frank Capri (Doc. 29) is GRANTED in Part and DENIED in Part. Defendant

---

[3] *See, e.g., Jasar Recycling, Inc. v. Major Max Mgmt. Corp.,* No. 4:08-cv-2830, 2010 WL 395212, at *10-11 (N.D. Ohio Jan. 22, 2010) (awarding damages after a defendant failed to respond to a request for admissions and summary judgment motion).

Frank Capri is hereby ORDERED to pay Plaintiffs $17,037.40 in damages for back wages in violation of the FLSA, Ohio Minimum Fair Wage Standards Act, and Article II, § 34a of the Ohio Constitution. Plaintiff's counsel is hereby ORDERED to submit to the Court by April 17, 2018 their non-privileged particularized billing record in support of their claim for attorney's fees.

      **IT IS SO ORDERED**.

*s/ Michael R. Barrett*
Hon. Michael R. Barrett
United States District Judge