# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| STEPHANIE TURECKY, | : | CASE NO.: 15-CV-00527-MRB |
|---|---|---|
| Plaintiff, | : | JUDGE MICHAEL R BARRETT |
| v. | : | |
| BOOMTOWN ENTERTAINMENT, LLC., et al. | : | |
| Defendants. | : | |

## ORDER

On March 30, 2018, this Court entered summary judgment (Doc. 32) in favor of Plaintiff and against Defendant Frank Capri, individually. Plaintiff seeks to recover a total of $62,681.73 in attorney fees and costs incurred in the prosecution of this action. When the Court granted Plaintiff's Motion for Summary Judgment, it ordered counsel to submit its itemized billing records so the Court could determine the proper amount of attorney fees and costs to award. On April 17, 2018, counsel submitted under seal its itemized billing records.

**I.    STANDARD**

Pursuant to § 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216.

With regard to attorney fees, a "[p]laintiff bears the burden of proving that the requested fees and expenses are reasonable." *Citizens Against Pollution v. Ohio Power*

1

*Co.*, 484 F.Supp.2d 800, 808 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Id.* "There is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)).

In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Further, "an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Id.* at 1134-35.

Plaintiff represents that: (1) Minnillo & Jenkins, Co. LPA incurred $50,276.00 in fees; (2) Goldenberg Schneider, LPA incurred $10,522.50 in fees; and (3) in total, counsel advanced $1,883.23 in costs. (Doc. 29, PageID 135). The itemized billing records submitted by Plaintiff comport with the foregoing representations. Counsel represents that the "fees and expenses through the date of this motion total $62,681.73 at rates approved by this Court in other recent matters." (*Id.*) The Court finds that the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2. (6th Cir. 1984). Furthermore, the Court has reviewed the billing statements and finds that there is no

evidence of duplicative, unnecessary, or overly prolonged work. Accordingly, the lodestar is $60,798.50 (the portion requested that represents attorney fees).

The lodestar amount may be adjusted upwards or downwards based on a twelve factor test. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983);*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Plaintiffs have not requested an upward adjustment. However, given the number of lawyers on the case, the first factor of the 12-factor test (i.e., "the time and labor required") warrants a slight downward adjustment.  Accordingly, the Court finds that Plaintiff is entitled to fees and costs as follows:

In addition to the $17,037.40 in damages the Court awarded on March 30, 2018 (Doc. 32), the Court awards $61,251.73 in attorney fees and costs, for a total judgment of $78,289.13.  The Court arrived at this sum by deducting $1097.50 from the fees incurred for the work of Minnillo & Jenkins, Co., LPA, and $332.50 from the fees incurred for the work of Goldenberg Schneider, LPA.  The Court deducts nothing from the sum Plaintiff requests as reimbursement for costs.  Accordingly, **JUDGMENT IS ENTERED** in accordance with the foregoing.

    **IT IS SO ORDERED.**

    *s/Michael R. Barrett*
HON. MICHAEL R. BARRETT
UNITED STATES DISTRICT JUDGE